United States District Court
Southern District of Texas
**ENTERED**
June 13, 2018
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | CRIMINAL ACTION NO. H-13-597-36 |
| v. | § | |
| | § | CIVIL ACTION NO. H-17-1445 |
| SAMUEL CAINE JORDAN. | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Samuel Caine Jordan, represented by counsel, filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Docket Entry No. 1358.) The Government filed a motion for summary judgment and/or dismissal on August 16, 2017. (Docket Entry No. 1391.) Defendant has failed to respond to the Government's dispositive motion, and the motion is deemed uncontested.

Having reviewed the section 2255 motion, the Government's motion for summary judgment and/or dismissal, the record, and the applicable law, the Court **GRANTS** the motion for summary judgment and/or dismissal and **DENIES** the section 2255 motion for the reasons that follow.

### I. Background and Claims

Defendant pleaded guilty to Count 18 of a nineteen count indictment, which charged him with "Possession with intent to distribute 100 kilograms or more of marijuana, aiding and abetting" in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(vii) and 18 U.S.C. § 2.

The Court imposed a sentence of 100 months' imprisonment on May 10, 2016, with no supervised release or fine. No appeal was taken.

In the instant proceeding, Defendant contends that he is entitled to re-sentencing based on the Supreme Court's decision in *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), in conjunction with the Fifth Circuit Court of Appeals' decision in *United States v. Tanksley*, 848 F.3d 347 (5th Cir. 2017). He argues that, in light of these decisions, he was improperly sentenced as a career offender under the United States Sentencing Guidelines because his prior state conviction no longer qualifies as a "controlled substance offense" for purposes of sentence enhancement.

The Government argues that Defendant waived his right to pursue collateral review in his plea agreement and that, regardless, he is not entitled to habeas relief.

## II. Legal Standards

Generally, there are four grounds upon which a defendant may move to vacate, set aside, or correct his sentence pursuant to section 2255: (1) the imposition of a sentence in violation of the Constitution or the laws of the United States; (2) a lack of jurisdiction of the district court that imposed the sentence; (3) the imposition of a sentence in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 is an extraordinary measure, and cannot be used for errors that are not constitutional or jurisdictional if those errors could have been raised on direct appeal. *United States v.*

*Stumpf*, 900 F.2d 842, 845 (5th Cir. 1990). If the error is not of constitutional or jurisdictional magnitude, the movant must show the error could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

### III. Waiver

As part of his plea agreement, Defendant signed a waiver of appeal and collateral review, wherein he agreed to the following:

> Defendant knowingly and voluntarily waives the right to appeal the conviction and the sentence imposed, or the manner in which the sentence was determined. Additionally, Defendant is aware that Title 28, United States Code § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. Defendant knowingly and voluntarily waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

(Docket Entry No. 839. p. 3.)

A defendant's waiver of his right to pursue relief under section 2255 is generally enforceable if the waiver is both knowing and voluntary. *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994). Defendant here has provided no evidence or argument that he did not understand the implications of his plea agreement waiver, or that it was not knowing and voluntary. *Id.* at 653. Nor does he contest or otherwise controvert the Government's argument that his section 2255 petition is barred by waiver. Accordingly, Defendant's plea agreement waiver forecloses the instant section 2255 motion, and the Government is entitled to dismissal of this proceeding as barred by waiver.

## IV. "Controlled Substance Offense"

Even had Defendant not waived his right to file this section 2255 motion, his habeas claim fails as a matter of law.

Defendant contends that he is entitled to habeas relief in light of *Mathis v. United States*, ___ U.S. ___, 136 S. Ct. 2243 (2016), and *United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017). In particular, he argues that in *Tanksley*, the Fifth Circuit Court of Appeals held that a defendant's state conviction for possession with intent to deliver a controlled substance pursuant to section 481.112(a) of the Texas Health and Safety Code did not qualify as a "controlled substance offense" for enhancement purposes under U.S.S.G. § 4B1.1. Defendant asserts that, consequently, his own state conviction for possession with intent to deliver cocaine did not qualify as a "controlled substance offense" under U.S.S.G. §§ 4B1.1 and 4B1.2 and should not have been used to enhance him to career offender status.

As the Government correctly argues, Defendant's reliance on *Mathis* and *Tanksley* is misplaced. The Fifth Circuit has held that *Mathis* did not announce a new rule of constitutional law that has been applied retroactively to cases on collateral review. *See In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016). Moreover, *Tanksley* was decided on direct appeal, not on collateral review, and provides no basis for relief under section 2255. Regardless, it is well settled in this circuit that the technical application of the Sentencing Guidelines does not raise an issue of constitutional dimension for purposes of section 2255

proceedings. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998); *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Defendant is not entitled to relief under section 2255.

## V. Evidentiary Hearing

An evidentiary hearing is required "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

Because the motions and records in this case conclusively show that Defendant is not entitled to habeas relief, no evidentiary hearing is necessary.

## VI. Conclusion

The Court **ORDERS** as follows:

(1) The Government's motion for summary judgment and/or dismissal (Docket Entry No. 1391) is **GRANTED**.

(2) Defendant's motion to vacate, set aside, or correct his sentence under section 2255 (Docket Entry No. 1358) is **DENIED**.

(3) A certificate of appealability is **DENIED**.

(4) The related civil case in this proceeding, C.A. No. H-17-1445, is **ORDERED ADMINISTRATIVELY CLOSED**.

Signed at Houston, Texas, on this the _12_ day of June, 2018.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE